FILED
United States Court of Appeals
Tenth Circuit

April 29, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CRUZ CHACON, a/k/a "Chico,"

    Defendant-Appellant.

No. 10-1326
(D.C. No. 1:07-CR-00436-WDM-2)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **ANDERSON** and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is,

therefore, submitted without oral argument.

Cruz Chacon pleaded guilty pursuant to a plea agreement under Federal

Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(1)(C) to conspiracy to possess

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(viii). The United States District Court for the District of Colorado sentenced him to 108 months' incarceration and five years' supervised release. Chacon appeals his sentence. Chacon's appointed counsel filed an Anders brief asserting that there are no non-frivolous claims that could be raised on appeal, and a motion for leave to withdraw as counsel. See Anders v. California, 386 U.S. 738 (1967). Exercising jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, this court grants counsel's motion to withdraw and dismisses this appeal.

## I. BACKGROUND

Based on his participation in an organization that smuggled methamphetamine from Mexico and distributed it in Colorado, Chacon, along with several other individuals, was charged in a grand jury indictment in the United States District Court for the District of Colorado with conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(viii). ROA, Vol. 1 at 33–34. The grand jury indictment further specified that, upon his conviction, Chacon would forfeit to the United States proceeds obtained directly or indirectly as a result of the identified offenses pursuant to 21 U.S.C. § 853. Id. at 34–35.

Chacon entered into a plea agreement with the government. Id. at 50–63. Pursuant to the plea agreement, Chacon agreed to plead guilty to the charges in

the indictment and "to provide truthful and complete cooperation to the Government." Id. at 50. Further, Chacon agreed to voluntarily forfeit all assets subject to forfeiture pursuant to 21 U.S.C. § 853. Id. at 54. With regard to Chacon's sentence, the government agreed that it would not seek to enhance the mandatory minimum statutory sentence of ten years' imprisonment for a violation of 21 U.S.C. § 841(a) pursuant to 21 U.S.C. § 851. Id. at 52.

The government further agreed to recommend a downward departure for his substantial assistance pursuant to U.S.S.G. § 5K1.1 if Chacon "completely fulfill[ed] his agreement to cooperate . . . , and in so doing substantially assist[ed] the United States in the investigation and prosecution of others." Id. at 52–53. While the government could not precisely identify the extent of the potential departure because Chacon's "full cooperation ha[d] not yet been completed," "the Government anticipate[d] that it w[ould] recommend a sentence of 120 months, the mandatory minimum sentence [for the charges]." Id. at 53. Nonetheless, the agreement specified that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), any departure the government requested would not be binding on the district court. Id. Further, Chacon agreed that, to the extent he requested a sentence below the mandatory minimum sentence, he would not seek a sentence below 96 months' incarceration. Id. at 54.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties stipulated and agreed that "the government [was] entitled to withdraw from th[e]

3

agreement" in the event the district court imposed a sentence below 96 months' incarceration. Id. Further, if the government determined Chacon failed to fulfill his obligation to cooperate or his cooperation did not amount to substantial assistance, the agreement specified that a sentence calculated pursuant to the United States Sentencing Guidelines (guidelines), but not greater than 240 months' incarceration, was reasonable. Id. Chacon was entitled to withdraw from the agreement if the district court imposed a sentence in excess of 240 months' incarceration. Id.

In the plea agreement, the parties also stipulated to the relevant sentencing factors under the guidelines. Id. at 60–61. The agreement identified the base offense level as 38 pursuant to U.S.S.G. § 2D1.1(c)(1) "for a reasonably forseeable [sic] drug quantity for the overall conspiracy of more than fifteen (15) kilograms of methamphetamine." Id. The agreement included a two-level upward adjustment pursuant to U.S.S.G. § 2D1.1(b)(1) for "possess[ion of] a firearm during the course of the charged drug offense." Id. at 61. With regard to this adjustment, the agreement indicated that Chacon reserved the right to argue that he did not possess a firearm within the meaning of the guidelines or to request a variance if the district court determined that he constructively possessed any weapon. Id. The agreement then included a three-level downward adjustment pursuant to U.S.S.G. § 3B1.2 for Chacon's minor role in the offense, and a three-level reduction pursuant to U.S.S.G. § 3E1.1(b) for his acceptance of

4

responsibility. Id. As a result, the agreement calculated Chacon's total offense level as 34. Id.

According to the agreement, Chacon's criminal history category would likely be VI. Id. However, because many of his "prior convictions involve[d] relatively minor non-violent offenses," "the parties stipulate[d] that his criminal history substantially over-represent[ed] the seriousness of his criminal history . . . and agree[d] that a one-level departure to Criminal History V [was] appropriate." Id. at 61–62. Based on the total offense level of 34 and a criminal history category of V, the agreement identified the guidelines range as 235 to 293 months' imprisonment. Id. at 62.

Chacon pleaded guilty to violating 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(viii). Id. at 74. In the presentence investigation report (PSR), the offense level calculation mirrored that documented in the plea agreement, resulting in a total offense level of 34. ROA, Vol. 3 at 12. The PSR calculated Chacon's criminal history category as V. Id. at 22. Based on the offense level of 34 and the criminal history category of V, the PSR identified Chacon's guidelines range as 235 to 293 months' incarceration. Id. at 30. The PSR recommended a sentence of 235 months' incarceration, noting that this recommendation did not account for any potential departure pursuant to U.S.S.G. § 5K1.1. Id. at 37.

Chacon filed objections to the PSR. Id. at 54. He challenged certain factual assertions, id. at 54–55; objected to the two-level upward adjustment to

5

the offense level pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm during the offense, arguing that there was no factual basis for this adjustment, id. at 56–57; contended that the minor role adjustment pursuant to U.S.S.G. § 3B1.2 should have reduced the offense level by four levels rather than three levels, id. at 57–58; and asserted that his criminal history category should have been IV, arguing that the PSR improperly included criminal history points for certain prior offenses, id. at 58–59. Chacon also filed a motion for downward variance and downward departure, requesting that the district court impose a sentence of 96 months' incarceration. ROA, Vol. 1 at 75–78.

The government filed a motion requesting that the district court apply a three-level reduction to Chacon's offense level pursuant to U.S.S.G. § 3E1.1 for his acceptance of responsibility. Id. at 79–80. The government also filed a motion requesting that the district court depart downward from the guidelines range pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) based on Chacon's substantial assistance to the government to impose a sentence of 120 months' incarceration. Id. at 83–85.

During the sentencing proceeding, the district court summarized the PSR's findings. ROA, Vol. 2 at 6–7. The district court identified the total offense level as 34 and Chacon's criminal history category as V, resulting in a guidelines range of 235 to 293 months' incarceration. Id. The district court overruled Chacon's objections to the PSR. Id. at 7–9. The district court then considered the

6

government's motion for a downward departure from the guidelines range. Id. at 9. After hearing arguments from Chacon and the government regarding the appropriate sentence, the district court imposed a sentence of 108 months' incarceration and five years' supervised release, id. at 22–23, which was below the guidelines range and the statutory minimum. Chacon appeals his sentence.

## II. ANALYSIS

Chacon's counsel filed an Anders brief advising the court that this appeal is wholly frivolous and a motion requesting leave to withdraw. Pursuant to Anders, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005). Counsel is required to submit an appellate brief "indicating any potential appealable issues." Id. Once notified of counsel's brief, the defendant may then submit additional arguments to this court. Id. This court "must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." Id.

Although counsel's Anders brief was served on Chacon, he did not file a response. The government also declined to file an answer brief, explaining that Chacon pleaded guilty pursuant to a plea agreement, that "at least" an abuse of discretion standard of review would apply to Chacon's arguments on appeal, and that Chacon received a sentence less than that "thought appropriate by the Government."

7

Our independent review of the record confirms counsel's assertion that there are no non-frivolous issues presented in this appeal. This court reviews a criminal sentence for reasonableness, under a deferential abuse of discretion standard. United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1214 (10th Cir. 2008). This reasonableness review has both procedural and substantive components. Id. While "procedural reasonableness focuses on whether the district court committed any error in calculating or explaining the sentence," "substantive reasonableness focuses on whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." United States v. Friedman, 554 F.3d 1301, 1307 (10th Cir. 2009) (internal quotation marks omitted). When evaluating the procedural reasonableness of a sentence, this court "review[s] the district court's legal conclusions regarding the Guidelines de novo and its factual findings for clear error." United States v. Hamilton, 587 F.3d 1199, 1219 (10th Cir. 2009). We review the substantive reasonableness of the sentence imposed under an abuse of discretion standard, giving substantial deference to the district court decision. Friedman, 554 F.3d at 1307.

At sentencing, the district court properly identified Chacon's guidelines range. The district court then addressed the government's motion for a considerable downward departure from the guidelines range pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) based on Chacon's substantial assistance to the

8

government.  Exercising its discretion, the district court granted the government's motion for the downward departure and departed below the guidelines range.  In fact, the district court imposed a sentence of 108 months' incarceration, which was below that requested by the government and the statutory minimum for Chacon's offenses.  The sentence the district court imposed was reasoned and reasonable.

### III.  CONCLUSION

After a careful review of the record, we conclude that Chacon has no meritorious claims on appeal.  We therefore GRANT counsel's request to withdraw and DISMISS Chacon's appeal.

Entered for the Court


Mary Beck Briscoe
Chief Judge